644 A.2d 1268

**Robert G. KINCADE and Sandra Lee Kincade, Appellants,**

**v.**

**LAUREL COURTS, INC., a Pennsylvania corporation, Appellee.**

Superior Court of Pennsylvania.

Argued March 15, 1994.

Filed July 19, 1994.

128

Dan P. Wimer, New Castle, for appellants.

Donald E. Williams, New Castle, for appellee.

Before WIEAND, DEL SOLE and FORD ELLIOTT, JJ.

WIEAND, Judge.

In this action for the wrongful use and occupancy of land, the trial court denied a petition by the successful plaintiffs to add delay damages to the amount of the jury's verdict.[1] After careful review, we affirm.

On December 30, 1983, Robert G. Kincade and Sandra Lee Kincade, husband and wife, filed a civil action against Laurel Courts, Inc., a corporation, contending that the said defendant

---

1. Appellants have assumed incorrectly that the record of the proceedings in the trial court are irrelevant to a determination of this issue. Although they have failed to reproduce any part of the record, this Court has had available for review the original record which was duly certified by the prothonotary of Lawrence County.

had improperly placed on plaintiffs' land a portion of a sewer system which serviced a trailer park owned and maintained by the defendant. The defendant, plaintiffs alleged, had refused plaintiffs' demands to either remove the sewer system or pay rent for plaintiffs' land. As a consequence, they alleged, defendant had committed either a trespass or nuisance, had been "unjustly enriched" and had become liable to plaintiffs for "loss of use," "loss of value," "loss of rental value," "taxes" paid by plaintiffs, and attorneys' and experts' fees. The defendant denied that a trespass had occurred and relied upon an alleged lease from a prior owner. A jury, by verdict on May 31, 1990, found that the defendant had committed a trespass, but not a nuisance, and awarded damages of $51,-480.00. On June 12, 1990, the plaintiffs filed a motion to mold the verdict to include Rule 238 damages.[2] This motion was denied on October 8, 1993.

Pa.R.C.P. 238(a)(1) permits damages for delay "in a civil action seeking monetary relief for bodily injury, death or property damage." The rule, however, has no application to actions for rent or rental value of real estate. It also has no application for the wrongful use and detention of real estate or for damages intended as restitution for unjust enrichment.

Pursuant to the averments contained in plaintiffs' complaint, the trial court instructed the jury as follows:

> Now, should you find that there is a trespass in this case, should you find that the Plaintiff has met their burden by [a] fair preponderance of the evidence relative to the trespass action, then you have to determine what damages that you would direct that the Defendant pay to the Plaintiff.

> Now, the law states that the owner of realty on which a trespass has been committed may recover from the trespasser damages for the loss of the use of that realty which may include an amount representing the value of the realty for rental purposes or any other purpose for which the

**2.** This motion was untimely. Pa.R.C.P. 238(c) requires that a written motion requesting damages for delay be filed "not later than ten days after the verdict."

owner may have utilized that particular portion of the property.

It was in response to this instruction that the jury determined the amount of damages to be awarded to the plaintiffs.

It is readily apparent from the foregoing and also from the evidence during trial that plaintiffs' claim was not for permanent injury to their property. Rather, the claim was for the fair rental value of their land, which the defendant had used and occupied. With respect to such a claim, Pa.R.C.P. 238 has no application. It has no greater applicability to this claim than it would have to any other claim for rent or the rental value of real estate.

Order affirmed.

DEL SOLE, J., files a concurring opinion.

DEL SOLE, Judge, concurring:

A review of the docket entries established that the jury returned its verdict on May 31, 1990 and Appellee filed timely Post-Trial Motions on June 11, 1990 [1]. Appellants filed a Motion for Rule 238 delay damages on June 21, 1990 and the trial court entered its Opinion addressing Appellee's Post-Trial Motions on May 28, 1991. No disposition was made of the Rule 238 Damages Motions. Appellee filed a Notice of Appeal to this court on June 27, 1991 and pursuant to a praecipe filed by Appellants, judgment was entered on the trial court's verdict on July 26, 1991. On March 23, 1992, this court filed an unpublished Memorandum affirming the judgment and on February 11, 1993, Appellants then filed a Motion for a Hearing on Delay Damages. The trial court denied the motion on October 8, 1993 and on November 8, 1993, Appellants filed this appeal.

The Majority concludes that the jury's verdict was for the rental value of the property and, therefore, was not a proper item for imposition of Rule 238 delay damages. In addition, in footnote number 2 of its Opinion, the Majority seems to imply

1. The tenth day to file the motions fell on Saturday, June 9, 1990.

that Appellants' Motion for Rule 238 delay damages should have been denied because it was untimely filed. I disagree with both of those conclusions.

The jury's award was for damages to the real estate resulting from Appellee's trespass. In its charge, the trial court did not state that the jury should establish a rental value for the property, rather it instructed the jurors that they could use the rental value of the property as a tool for determining the amount of damages. The court stated, in pertinent part, as follows:

> **COURT:** Now, the law states that the owner of realty on which a trespass has been committed may recover from the trespasser damages for the loss of the use of that realty which may include an amount representing the value of the realty for rental purposes or any other purpose for which the owner may have utilized that particular portion of the property.

Notes of Testimony, dated May 30–31, 1990, Volume II, pages 162–163. Evidence of the property's rental value was used only to determine the damages to the property. This loss falls within the scope of Rule 238 and delay damages should have been granted.

I also disagree with the Majority's implied position that Appellants' claim for Rule 238 damages should be denied because their Motion for delay damages was filed more than ten days after the jury's verdict was announced. Rule 238(c)(1) provides that a defendant must file an answer to a plaintiff's motion for delay damages setting forth reasons why the delay damages should not be imposed. *See* Pa.R.C.P. No. 238(c)(1), 42 Pa.C.S.A. In the present case, however, Appellee's Answer did not raise an objection to the late filing of Appellants' Motion. Furthermore, at the time Appellants' Motion was filed, Appellee's Post–Trial Motions were pending before the court, so no prejudice from the delayed filing would have resulted.

However, I concur with the result reached by the majority because I believe that Appellants' claim for delay damages has

been waived. Subsection (c)(3)(i) of Rule 238 states that, "[i]f a motion for post-trial relief has been filed under Rule 227.1 and a motion for delay damages is opposed, a judgment may not be entered until all motions filed under Rule 227.1 and this rule have been decided." Pa.R.C.P. No. 238(c)(3)(i), 42 Pa. C.S.A.

In the instant case, Rule 238 became inoperative when judgment was entered and an appeal was filed prior to the disposition of Appellants' Rule 238 Motion. To allow a review of the trial court's denial of Appellee's Post–Trial Motions and then allow a second review of the court's disposition of Appellants' Rule 238 Motion, as occurred here, results in fragmented appeals and unnecessary delays. This is not the intent of the rules nor is it appropriate judicial administration. I conclude that the entry of judgment following disposition of post-trial motions, and the appeal and matter before. disposition of the Rule 238 Motion, waives any claim for Rule 238 delay damages.

Accordingly, I concur in the result of this case.